940 F.2d 654
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Malcolm Keith SCOTT, Defendant-Appellant.
 No. 90-5087.
 United States Court of Appeals, Fourth Circuit.
 Submitted June 25, 1991.
Decided Aug. 5, 1991.
 
 Appeal from the United States District Court for the Southern District of West Virginia, at Huntington. Robert J. Staker, District Judge. (CR-90-147-3)
 Mary Lou Flax Newberger, Assistant Federal Public Defender, Charleston, W.Va., for appellant.
 Michael W. Carey, United States Attorney, Paul A. Billups, Assistant United States Attorney, Huntington, W.Va. for appellee.
 S.D.W.Va.
 VACATED AND REMANDED.
 Before WIDENER and SPROUSE, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Malcolm Keith Scott appeals the district court's order sentencing him to 105 months in prison for the September 1, 1989, larceny of the Twentieth Street Bank in Huntington, West Virginia, in violation of 18 U.S.C. Sec. 2113(a). Scott did not challenge his sentence before the district court. He asserts on appeal that the district court erred by classifying him as a career offender under U.S.S.G. Sec. 4B1.1 for purposes of sentencing. Incorrect application of the sentencing guidelines constitutes plain error which this Court may review for the first time on appeal. United States v. Miles, No. 88-5681 (4th Cir. Feb. 7, 1990) (unpublished); Fed.R.Crim.P. 52(b). We vacate the sentencing order and remand this case for resentencing.
 
 
 2
 Scott's criminal history includes a petit larceny conviction (November 4, 1976), an attempted felony conviction (June 14, 1977), and a forgery and unarmed robbery conviction (July 6, 1981), all occurring well before the incident here at issue. This bank larceny occurred on September 1, 1989. Scott pled guilty to the charged offense on June 18, 1990, and was sentenced on August 8, 1990. Subsequent to committing this offense, but prior to his guilty plea and sentencing, Scott committed two separate robberies of hotels on September 30, 1989, and on October 1, 1989.
 
 
 3
 Although the presentence report discounted the 1976 and 1977 offenses when calculating Scott's criminal history points because those offenses occurred more than ten years prior to the present offense, see U.S.S.G. Sec. 4A1.2(e)(2), the hotel robberies occurring after the bank larceny here at issue were used, along with the 1981 conviction, to support a career offender classification under U.S.S.G. Sec. 4B1.1. As a career offender, Scott was assigned an offense level of 22 and automatically given a criminal history category of VI.
 
 
 4
 The district court accepted as accurate the calculations contained in the presentence report and sentenced Scott as a career offender to the maximum allowable term of 105 months in prison, with a three-year term of supervised release, a special assessment of $50, and a recommendation that Scott be treated for drug abuse while incarcerated. Had Scott not been sentenced as a career offender, and assuming for the sake of comparison only that the district court would have adopted the presentence report's alternative offense level of 8 with a criminal history category of IV, Scott may have received a sentence of as little as 10 to 16 months. See U.S.S.G. Sec. 5.1.
 
 
 5
 The language of the career offender statute provides an answer to the issue presented by this case. The statute only allows consideration of "prior felony convictions" when determining whether a defendant should be sentenced as a career offender. U.S.S.G. Sec. 4B1.1. To be classified as a career offender, a defendant must have been convicted for "at least two prior felonies." Id.* The statute further provides:
 
 
 6
 The term "two prior felony convictions" means (A) the defendant committed the instant offense subsequent to sustaining at least two felony convictions of either a crime of violence or a controlled substance offense....
 
 
 7
 U.S.S.G. Sec. 4B1.2(3) (emphasis added). Thus, the offense with which a defendant is charged must have occurred subsequent to other convictions in order to count those other convictions toward career offender status. See United States v. Bassil, 932 F.2d 342 (4th Cir.1991) (defendant could not be sentenced as a career offender where, at time of committing crime at issue, he had not been sentenced for one of the prior offenses which supported the career offender classification).
 
 
 8
 The bank larceny for which Scott was sentenced took place even before his commission of the two hotel robberies upon which the district court partially relied in classifying Scott as a career offender.
 
 
 9
 Absent consideration of those offenses, Scott could not have been classified as a career offender, because only one other prior felony conviction--the 1981 conviction--qualified for the court's consideration.
 
 
 10
 The district court erred in sentencing Scott as a career offender on the partial basis of crimes committed after the instant offense. We therefore vacate the district court's sentencing order and remand this case for resentencing consistent with this opinion. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court. Hence, argument would not aid the decisional process.
 
 
 11
 VACATED AND REMANDED.
 
 
 
 *
 In this case the district court considered three felonies--the July 6, 1981 forgery and unarmed robbery conviction, and the two separate hotel robberies occurring on September 30, 1989, and October 1, 1989--in reaching its career offender determination